FILED
COURT OF APPEALS
DIVISION II

2015 JUL -7 AM 8: 47

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　Respondent,<br><br>　v.<br><br>JOEL DEREK EDWARDS,<br><br>　　　　　　　　Appellant. | No. 46469-1-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J. — Joel Edwards appeals his conviction for tampering with physical evidence, arguing that the evidence was insufficient to support his conviction because it did not show that an official proceeding was pending or about to be instituted. The State concedes the error. We accept the State's concession and remand with instructions to vacate and dismiss with prejudice the conviction for tampering with physical evidence.

## FACTS

Police officers initially contacted Edwards while responding to a call regarding Edwards fighting with his stepson. Officers arrested Edwards on an unrelated outstanding warrant. Following the arrest, officers performed a general search for weapons and contraband. The search did not produce anything of significance. While being processed at the jail, Edwards

moved his left hand to his mouth. Corrections officer Carpenter instructed Edwards to take his hand away from his mouth. Officer Carpenter then heard something hit the floor. Officer Carpenter saw an object on the ground and slid it away from Edwards with his foot. Officer Carpenter retrieved the object, a small oxycodone pill. The State charged Edwards with one count of unlawful possession of a controlled substance—oxycodone, and one count of tampering with physical evidence. The jury convicted Edwards on both charges. Edwards appeals his conviction for tampering with physical evidence.

## ANALYSIS

Edwards argues, and the State concedes, that the evidence presented at trial was insufficient to support a conviction for tampering with physical evidence. We accept the State's concession because the record does not show that an official proceeding was pending or about to be instituted relating to Edwards's unlawful possession of a controlled substance.

The State is required to prove each element of the crime charged beyond a reasonable doubt. U.S. CONST. amend XIV; *State v. Mau*, 178 Wn.2d 308, 312, 308 P.3d 629 (2013). A challenge to the sufficiency of evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). On review, we consider whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found all of the elements of the crime proven beyond a reasonable doubt. *State v. Mason*, 160 Wn.2d 910, 936, 162 P.3d 396 (2007).

Statutory interpretation is a question of law reviewed de novo. *State v. Browne*, 181 Wn. App. 756, 761, 327 P.3d 63 (2014). Courts first examine the language of the statute and

2

determine the plain meaning "from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). To prove the offense of tampering with physical evidence, the State must demonstrate that Edwards, having reason to believe an official proceeding was about to be instituted, concealed evidence without legal authority with an intent to impair its availability at the proceeding. RCW 9A.72.150(1)(a).

When read as a whole, the plain language of RCW 9A.72.150 requires a connection between the "official proceeding . . . pending or about to be instituted" and the tampered evidence. The prohibited behavior described under RCW 9A.72.150(1)(a) requires an "intent to impair [the evidence's] appearance, character, or availability *in such pending or prospective official proceeding*." (Emphasis added.) There is no ambiguity in the statute; the prospective proceeding must relate to the evidence being tampered with.

In this case, even accepting the evidence in the light most favorable to the State, no rational trier of fact could have found that Edwards had reason to believe that an official proceeding was about to be instituted relating to unlawful possession of a controlled substance. Edwards was arrested on an unrelated outstanding warrant. Until officer Carpenter retrieved the oxycodone pill, Edwards could not have had reason to believe that a proceeding would be initiated for unlawful possession of a controlled substance.

Accordingly, we hold that no rational trier of fact could find that Edwards had reason to believe that an official proceeding was about to be instituted prior to tampering with evidence. Thus, we accept the State's concession that there was insufficient evidence to prove every element of the crime of tampering with physical evidence. We reverse the judgment and remand

with instructions to the trial court to vacate and dismiss with prejudice the conviction for tampering with physical evidence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Sutton, J.